```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

PAUL J. MCMANN,                   )
                                  )
        Plaintiff,                )
                                  )
        v.                        )   C.A. No. 12-11872-PBS
                                  )
UNITED STATES, et al.,            )
                                  )
        Defendants.               )
```

                          PROCEDURAL ORDER

SARIS, D.J.

Paul McMann, a federal pretrial detainee[1] confined in the Wyatt Detention Center located in Central Falls, Rhode Island, filed a Bivens[2] complaint naming the United States and Attorney General Holder as defendants.  Plaintiff's complaint consists primarily of a recounting of events leading up to the issuance of a detention order in his criminal action as well as his complaints concerning the conditions of his detention at the Wyatt Detention Center.  Because civil cases are not assigned as related to criminal cases, this civil action was randomly assigned.

It appears that McMann seeks in forma pauperis status

---

[1] McMann was charged, in the District of Massachusetts, with three counts of wire fraud in violation of 18 U.S.C. § 1343.  See United States v. McMann, C.R. No. 10-10387-RWZ (pending).

[2] A Bivens claim is a judicially created cause of action that authorizes a plaintiff to recover monetary damages from federal actors who have deprived him of constitutional rights.  See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) 402 U.S. at 395-97.

because he has filed a prison account statement as well as a declaration in support of a request to proceed in forma pauperis.

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $350.00 filing fee, notwithstanding the grant of in forma pauperis status.  Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

Moreover, any plaintiff moving to proceed without prepayment of the filing fee must submit an affidavit that "includes a statement of all assets such prisoner possesses [showing] that the person is unable to pay such fees or give security therefor" and "state[s] the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).

Although plaintiff has provided his prison account statement, he has not filed an actual motion or application to

proceed in forma pauperis.  The Court will not permit the plaintiff to proceed in forma pauperis at this time because he has not submitted the requisite request.

Accordingly, within 21 days of the date of this Procedural Order, plaintiff either shall (1) pay the $350.00 filing fee; or (2) submit the affidavit required under 28 U.S.C. § 1915(a)(1).  For the convenience of litigants, this Court provides the standardized form "Application to Proceed in District Court Without Prepaying Fees or Costs" for requests to proceed in forma pauperis.  Submission of this completed Application will satisfy the affidavit requirement of 28 U.S.C. § 1915(a)(1).  The Clerk is directed to provide the plaintiff with a copy of this form.

SO ORDERED.

December 10, 2012                   /s/ Patti B. Saris
DATE                                PATTI B. SARIS
                                    UNITED STATES DISTRICT JUDGE