```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

PAUL J. McMANN,                  )
          Plaintiff,             )
                                 )
          v.                     )    CIVIL NO.
                                 )    12-11872-PBS
UNITED STATES OF AMERICA, et     )
al.,                             )
          Defendants.            )

                      MEMORANDUM AND ORDER
                         June 18, 2014

SARIS, C.J.

For the reasons set forth below, the Court denies plaintiff's motion to stay and grants defendants' motion to dismiss.

                          BACKGROUND

Plaintiff initiated this Bivens action[1] in 2012 while he was a pretrial detainee at Wyatt Detention Center. His complaint raises several challenges concerning his pretrial detention, including (1) the denial of his request for bail in his federal criminal proceeding; (2) the failure to the judge in the criminal matter to adequately specify in the record the reasons for detaining plaintiff McMann; (3) the violation of his right to a speedy trial; and (4) a challenge to the Bail Reform Act of 1984.

The complaint also challenges the conditions of plaintiff's

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), established a direct cause of action against federal officials for violations of the federal constitution.

pre-trial detention at the Wyatt Detention Center. Specifically, McMann alleges that he had a vitamin D deficiency that led to depression that was not properly treated. The complaint includes several other allegations related to (1) concerns over being detained in a maximum security prison with convicted felons; (2) concerns over the failure to be appointed counsel to defend himself in a civil suit where he was named a defendant; (3) concerns that prior to filing the instant complaint, Wyatt staff conspired with the government to confiscate the complaint; and (4) the government failed to make available photocopying, postage and telephone calls at a reasonable price.

On November 1, 2013, the government moved to dismiss the case pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. See Docket No. 42. Several days later, on November 5, 2013, McMann filed a pro se motion seeking "a stay of all deadlines." See Docket No. 45.

In support of his motion to stay, McMann explains that he is being moved into the custody of the Federal Bureau of Prisons and does not know which prison facility he will be sent to serve his sentence. Id. at ¶¶ 1-2. McMann asks that all correspondence to the Wyatt Detention Facility "immediately cease until he reaches his final BOP destination and is able to notify the Court of his location and mailing address." Id. at ¶ 6.

Since seeking a stay in November 2013, McMann has not kept

2

this court apprised of his address. He was released from BOP custody on March 14, 2014. See Federal Bureau of Prisons Inmate Locator, http://www.bop.gov/inmateloc. (last visited June 16, 2014). Plaintiff clearly failed to timely oppose the motion to dismiss or otherwise litigate this case. However, even if plaintiff had informed the court of his new address, his claims fail substantially for the reasons set forth in the defendants' memorandum in support of the motion to dismiss.

REVIEW

Because the issues analyzed here arise in the context of a motion to dismiss, this Court presents the facts as they are related in plaintiff's complaint, Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to plaintiff, see Pettengill v. Curtis, 584 F.Supp.2d 348, 362 (D.Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Legal conclusions couched as facts and "threadbare recitals of the elements of a cause of action" will not suffice. Id.; see also Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

                               DISCUSSION

To the extent McMann brings this action pursuant to the Federal Tort claims Act (FTCA), such a claim is subject to dismissal.  The FTCA provides for a waiver of sovereign immunity for monetary damages against the federal government or a federal employer, under certain circumstances.  28 U.S.C. §§ 2674.  The Supreme Court has held that "... Congress views FTCA and Bivens as parallel, complementary causes of action." Carlson v. Green, 446 U.S. 14, 20-21, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980).  This has been interpreted to mean that Bivens is the method by which constitutional tort claims are brought, while claims for negligence and certain intentional (but not constitutional) torts are brought under the FTCA.  Washington v. Drug Enforcement Admin., 183 F.3d 868, 873-74 (8th Cir. 1999).

To the extent McMann brings this action pursuant to the FTCA, this Court is without subject matter jurisdiction because plaintiff's failure to allege presentation is fatal to his complaint.  See e.g., United States v. Kubrick, 444 U.S. 111, 113 (1979) (action brought against the United States under the FTCA must be dismissed if a plaintiff has failed to file a timely

administrative claim with the appropriate federal agency); accord Gonzalez-Bernal v. United States, 907 F.2d 246, 248 (1st Cir. 1990) (same).  Moreover, any negligence or constitutional tort claims set forth in McMann's complaint against the United States are subject to dismissal.

Because the United States, its agencies, and employees sued in their official capacities have not waived sovereign immunity in Bivens actions, McMann's claims against the United States and Attorney General Holder in his official capacity must be dismissed for lack of subject matter jurisdiction. See e.g., Tapia-Tapia v. Potter, 322 F.3d 742, 745-46 (1st Cir. 2006) (sovereign immunity bars claims against the United States for alleged constitutional violations).

Because there is no respondeat superior liability in a Bivens action, the claims against Attorney General Eric Holder in his supervisory capacity are subject to dismissal.  See Ruiz-Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (dismissing a Bivens action against the Secretary of Education where the alleged misconduct involved low-level staff members, neither of whom was named as a defendant; "[a] Bivens action only may be brought against federal officials in their individual capacities").

The complaint fails to allege any specific individual actions (or omissions) committed by Attorney General Eric Holder, but rather alleges misconduct during his criminal proceedings

and/or the conditions of his detention at the Wyatt Detention Center. These allegations fall short of stating a <u>Bivens</u> claim against Attorney General Holder and these claims are subject to dismissal. <u>See</u>, e.g., <u>Iqbal</u>, 129 S.Ct at 1951 (dismissing Bivens complaint against Attorney General Ashcroft and FBI Director Mueller); <u>Soto-Torres v. Fraticelli</u>, 654 F.3d 153, 160 (1st Cir 2011)(plaintiff has failed to allege anything more than bare allegations based merely on defendant's position as Special Agent in Charge of the FBI investigation).

Finally, as noted by the defendants, (1) plaintiff's nineteen month pretrial detention was not unconstitutional; (2) the Orders for Excludable Time were appropriately entered in plaintiff's pretrial criminal proceedings; (3) plaintiff had no Fifth Amendment Due Process right to be present at the pretrial status conferences; and (4) plaintiff failed to establish that he was subjected to an unconstitutional pretrial detention in his own case, much less that the safeguards contained in the Bail Reform Act are inadequate in all instances.

Based upon the foregoing, it is hereby ORDERED that

1. Plaintiff's Motion (#45) for Stay is DENIED.
2. Defendants' Motion (#42) to Dismiss is GRANTED and the complaint is dismissed in its entirety.

SO ORDERED.

   /s/ Patti B. Saris
PATTI B. SARIS
Chief, U.S. District Judge